GUIDRY, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s finding that the State owed a duty to the plaintiff under the circumstances of this case.
In Pitre v. Louisiana Tech Univ., 95-1466 (La.05/10/96), 673 So.2d 585, we explained that “the obviousness and appar-entness of a potentially dangerous condition are relevant factors to be considered under the duty-risk analysis. If the facts *196 of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff.” Id., 673 So.2d at 591 (citing Socorro v. City of New Orleans, 579 So.2d 931, 942 (La.1991), which cited Murray v. Ramada Inns, Inc., 521 So.2d 1123, 1137 (La.1988)). “It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case.” Pryor v. Iberia Parish Sch. Bd., 10-1683, pp. 3-4 (La.3/15/11), 60 So.3d 594, 597 (citing Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984)). As the majority notes, “to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition.” Ante, p. 188 (collecting cases).
The court of appeal, in my view, correctly held the jury manifestly erred in finding the elevator presented an unreasonable risk of harm. With regard to the 12likeIihood and magnitude of the harm, including the obviousness and apparentness of the condition, I find the lower court’s reasoning well supported by the evidence and jurisprudence. In this particular case, the defective condition, i.e., the 1 l/2-to-3 inch offset between the elevator and the lobby floor, was open and obvious both to the plaintiff and the other passenger in the elevator. Indeed, the passenger testified the plaintiff initially attempted to push the dolly into the elevator but was unsuccessful in doing so. The majority points to no evidence that this particular condition was not obvious to a reasonably aware person approaching the open elevator. The majority cites reports of other elevator malfunctions, but such evidence goes to whether the State had knowledge of the elevator’s improper working order, not whether this particular condition presented an unreasonable risk of harm. Otherwise, there is no factual dispute the offset in this particular case was both present and obvious to all comers when the plaintiff entered the elevator car.
However, instead of calling the other elevator, waiting until this car returned to his floor without an offset, or even reducing the weight on his dolly, the plaintiff chose to turn around and attempt to pull the dolly into the elevator over the reasonably discernible offset. Other than the plaintiffs desire to complete his delivery as quickly as possible, the majority cites no evidence the plaintiff was required to enter the elevator under these conditions. As we reasoned in Pryor, the plaintiff here also could have easily avoided the risk presented by the open and obvious offset between the elevator and the floor. Accordingly, I would affirm the court of appeal’s holding that the evidence did not support the jury’s finding that the defect presented an unreasonable risk of harm under the particular circumstances of this case.